33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,
INC., a New York nonprofit corporation; Columbia, South
Carolina Branch of the NAACP, INC.; Norman P. Pendergrass,
Sr.; Adell T. Adams; Benjamin E. Adams, Sr.; Beatrice T.
McKnight, Plaintiffs-Appellants,
and
Mildred W. McDUFFIE; Sam Davis, for themselves and for
others similarly situated, Plaintiffs,
The CITY OF COLUMBIA, South Carolina, a public body
corporate; Robert D. Coble, individually and as Mayor of
the City of Columbia; E.W. Cromartie, II, individually and
as Mayor-Pro-Tem of the City of Columbia; Luther J.
Battiste, III, individually and as Mayor-Pro-Tem of the City
of Columbia; Francenia B. Heizer; Jim D.N. Papadea; Anne
M. Sinclair; Osborne Hamilton, Jr., individually and as
members of the Columbia City Council; Marsha Duffy,
individually and as Chairperson of the City of Columbia
Election Commission; Andrew J. Lewis; John E. Montgomery,
individually and as members of the City of Columbia Election
Commission, Defendants-Appellees,
and
Tony L. MYERS; Joseph S. Azar, individually and as
candidates for Columbia City Council, Defendants.
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,
INC., a New York nonprofit corporation; Columbia, South
Carolina Branch of the NAACP, Inc.; Norman P. Pendergrass,
Sr.; Adell T. Adams; Benjamin E. Adams, Sr.; Beatrice T.
Mcknight, Plaintiffs-Appellees,
and
Mildred W. McDUFFIE; Sam Davis, for themselves and for
others similarly situated, Plaintiffs,
The CITY OF COLUMBIA, South Carolina, a public body
corporate; ROBERT D. COBLE, individually and as Mayor of
the City of Columbia; E.W. CROMARTIE, II, individually and
as Mayor-Pro-Tem of the City of Columbia; Luther J.
Battiste, III, individually and as Mayor-Pro-Tem of the City
of Columbia; Francenia B. Heizer; Jim D.N. Papadea; Anne
M. Sinclair; Osborne Hamilton, Jr., individually and as
members of the Columbia City Council; Marsha Duffy,
individually and as Chairperson of the City of Columbia
Election Commission; Andrew J. Lewis; John E. Montgomery,
individually and as members of the City of Columbia Election
Commission, Defendants-Appellants,
and
Tony L. MYERS; Josephs. Azar, individually and as
candidates for Columbia City Council, Defendants.
 Nos. 93-2255, 93-2319.
 United States Court of Appeals, Fourth Circuit.
 Aug. 22, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CA-92-914-3-17)
 ARGUED: Laughlin McDonald, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC., Atlanta, GA, for Appellants.
 Katherine Inglis Butler, University Of South Carolina School of Law, Columbia, S.C., for Appellees.
 ON BRIEF: Willie Abrams, Dennis Courtland Hayes, NAACP Special Contribution Fund, Baltimore, MD; John Roy Harper, II, Columbia, SC, for Appellants.
 Helen T. McFadden, Jenkinson, Jenkinson & McFadden, P.A., Kingstree, SC; Roy D. Bates, Columbia, SC, for Appellees.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal arises from a voting rights action brought by the NAACP and three black voters of Columbia, South Carolina ("plaintiffs"), challenging Columbia's so-called "4-2-1" method of electing members of the Columbia City Council ("City Council") under Section 2 of the Voting Rights Act, 42 U.S.C. Sec. 1973. Pursuant to this method, four of the City Council's seven members are elected from single-member districts, two of which are majority white and two of which are majority black. The remaining three members, including the mayor,[1] are elected at-large. Although black candidates have frequently run for the at-large City Council seats, none has ever been elected. Plaintiffs thus contend that the election of two City Council members at-large dilutes the voting strength of blacks in violation of Section 2 of the Voting Rights Act.
 
 
 2
 This action represents the second challenge to Columbia's method of electing its City Council. In the first case, Washington v. Finlay, No. 77-1791 (D.S.C. Mar. 24, 1980), plaintiffs contended that Columbia's then completely at-large method of electing its City Council violated the Voting Rights Act. The district court disagreed, finding that Columbia's pure at-large system did not unconstitutionally dilute the voting strength of blacks. This court affirmed the district court's decision in Washington v. Finlay, 664 F.2d 913 (4th Cir.1981), cert. denied, 457 U.S. 1120 (1982).
 
 
 3
 While Finlay was pending, two efforts were made, through local referendums, to adopt an election method more favorable to blacks. The first, the so-called "3-3-1" plan, was defeated, as was the second proposal, the so-called "6-2-1" plan. After prevailing on appeal in Finlay, Columbia's leaders held a third referendum, this time on the current "4-2-1" plan, which the voters approved in December 1981. Columbia held the first elections under the "4-2-1" plan in 1983. In this election, two black representatives were elected to the City Council from the predominantly black districts. The record indicates that these same individuals have continuously occupied these two seats since their election in 1983.
 
 
 4
 The district court conducted a bench trial in the instant case and found that plaintiffs failed to prove a violation of Section 2 of the Voting Rights Act because they did not satisfy the three preconditions for Section 2 liability set out in Thornburg v. Gingles, 478 U.S. 30 (1986). In the alternative, the district court found that even if plaintiffs had satisfied the Gingles preconditions, plaintiffs still would not prevail because they failed to show that under the totality of the circumstances blacks have less opportunity than others in the electorate to elect candidates of their choice. Plaintiffs now appeal to this court.
 
 
 5
 Citing the Supreme Court's recent decision in Johnson v. De Grandy, 114 S.Ct. 2647 (1994), plaintiffs contend, among other things, that the district court improperly included in its analysis of the totality of the circumstances the observation that black control of two of the seven City Council seats provides blacks representation that "compares favorably" with their share of Columbia's total population. The De Grandy Court, however, held that evidence indicating that minority voters form voting majorities in a number of voting districts roughly proportional to their respective share of the appropriate population is relevant, though not dispositive, of whether minority voters have less opportunity than other members of the electorate to elect representatives of their choice. De Grandy, 114 S.Ct. at 2661-62. We accordingly reject plaintiffs' contention.
 
 
 6
 We do, however, find that the district court's statement that "when an electoral system has resulted in near proportional representation for a protected group, it cannot violate Section 2," City of Columbia, 850 F.Supp. at 428, conflicts with the Supreme Court's holding in DeGrandy that proportionality, by itself, is not dispositive of a Section 2 claim. De Grandy, 114 S.Ct. at 2661-62. Accordingly, we affirm on the district court's primary reasoning that plaintiffs failed to satisfy the three Gingles preconditions.[2]
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 The mayor, as a regular legislative member of the City Council, may vote on matters before the Council just as other Council members do
 
 
 [2]
 Defendants contend on cross-appeal that the district court improperly denied its motion to join a class representative as a Rule 19(a) party. We need not address this contention, however, because defendants seek no relief from this alleged error